# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2216

_____

Claire Gachanja,                                      *
                                                     *
                 Petitioner,                          *
                                                     *   Petition for Review of an
        v.                                           *   Order of the Board of
                                                     *   Immigration Appeals.
Alberto Gonzales,[1] Attorney General                *
of the United States,                                *
                                                     *    [UNPUBLISHED]
                 Respondent.                          *

_____

Submitted: January 6, 2006
Filed: March 14, 2006

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Claire Gachanja, a citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Gachanja sought asylum, claiming as relevant, that she is a member of the Maasai tribe and that she had fled Kenya because she feared she would be subjected against her will to the Maasai practice of female genital mutilation. The IJ found Gachanja's claim that she was Maasai not credible, because Gachanja's testimony suggested that she had not had a typical Maasai upbringing and she failed to present corroborating evidence that she was Maasai. Consequently, the IJ denied asylum, withholding of removal, and CAT relief.

The BIA, in a short written opinion, stated that it was adopting and affirming the IJ's decision, and cited Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994), which held that an adoption or affirmance of an IJ's decision in whole or in part was "simply a statement that the [BIA's] conclusions upon review of the record coincide[d] with those which the [IJ] articulated in his or her decision." The BIA then stated that it agreed with the IJ's ultimate conclusion in the case, and that, even accepting Gachanja's testimony as credible, she had failed to establish a well-founded fear of persecution because State Department reports on Kenya indicated that Kenya had undertaken efforts to reduce the incidence of female genital mutilation, and the BIA had found no evidence in the record to rebut the reports.

We are unable to discern from the BIA's opinion whether it agreed with or rejected the IJ's adverse credibility finding, an issue that materially affects our review of the BIA's decision to deny Gachanja asylum. We thus remand to the BIA for clarification of its review of the IJ's credibility findings. See INS v. Ventura, 537 U.S. 12, 16-17 (2002) (per curiam) (where BIA has not considered issue, proper course, except in rare circumstances, is to remand to agency for additional investigation or explanation); SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency."); Gjyzi v. Ashcroft, 386 F.3d 710, 715-16 (6th Cir. 2004) (remanding BIA order because "the failure of the BIA to explain its

-2-

decision in this case unnecessarily frustrates our review"); <u>Mickeviciute v. INS</u>, 327 F.3d 1159, 1162-66 (10th Cir. 2003) (when BIA does not sufficiently articulate its reasoning, appeals court cannot perform meaningful review and must remand to BIA).

_____